1

N O S R A T I L A W
A PROFESSIONAL LAW CORPORATION

2

Omid Nosrati, Esq. (SBN 216350)
Rene M. Maldonado, Esq. (SBN 289739)

3

Sol Nunez, Esq. (SBN 340914)
1801 Century Park East, Suite 840

4

Los Angeles, California 90067

5

Telephone: (310) 553-5630
Facsimile: (310) 553-5691

6

Email: omid@nosratilaw.com
Email: rene@nosratilaw.com

7

Email: sol.nunez@nosratilaw.com

8

Attorneys for Plaintiff,
JAOUHER MEGDICH

**ELECTRONICALLY FILED**
Superior Court of California
County of Sacramento
10/01/2024
By: _____ Deputy
V. Bloxson

9

10

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SACRAMENTO – UNLIMITED JURISDICTION

11

12

JAOUHER MEGDICH, an Individual,

Plaintiff,

13

vs.

14

15

OLD DOMINION FREIGHT LINE, INC., a
Virginia stock corporation; JAKE HALL, an

16

individual; and DOES 1-10, inclusive;

17

Defendants.

18

19

20

21

22

23

24

25

26

27

28

Case No. **24CV020041**

**COMPLAINT FOR MONETARY AND PUNITIVE DAMAGES**

1.  Discrimination Based on Race [Gov. Code § 12940(a)]

2.  Discrimination Based on National Origin [Gov. Code § 12940(a)]

3.  Harassment Based on Race [Gov. Code § 12940(j)]

4.  Harassment Based on National Origin [Gov. Code § 12940(j)]

5.  Failure to Prevent Discrimination and Harassment [Gov't Code § 12940(k)]

6.  Retaliation in Violation of the FEHA [Gov. Code, § 12940(h) and 12940(m)(2)]

7.  Whistleblower Retaliation [Lab. Code § 1102.5]

8.  Wrongful Termination in Violation of Public Policy

**DEMAND FOR JURY TRIAL**

NOSRATILAW, A PROFESSIONAL CORPORATION
1801 CENTURY PARK EAST, STE., 840, LA, CA 90067

EXHIBIT A

Plaintiff JAOUHER MEGDICH (hereinafter "Plaintiff" or "Mr. Megdich") brings this action against Defendant OLD DOMINION FREIGHT LINE, INC., ("Dominion") a Virginia stock corporation; JAKE HALL ("Defendant Hall" or " Mr. Hall"), an individual; and DOES 1 through 10, inclusive (collectively referred to as "Defendants"), and alleges on knowledge as to himself and his own acts, and upon information and belief as to all other matters, as follows:

## NATURE OF ACTION

1.      This action is brought pursuant to California statutory and decisional laws.  Plaintiff alleges that California statutory and decisional laws prohibit the conduct by Defendants, as alleged herein, and therefore Plaintiff is entitled to monetary relief and punitive damages on the basis that Defendants violated such statutes and decisional laws.

## PARTIES

2.      At all times relevant for purposes of this Complaint, Plaintiff, JAOUHER MEGDICH has been a resident of the State of California.

3.      Plaintiff is informed, believes and thereon alleges, that at all times relevant for purposes of this Complaint, Defendant, OLD DOMINION FREIGHT LINE, INC., was and is a Virginia corporation, doing business in the State of California. Defendant is an "employer" as defined by California Government Code Sections 12926(d), 12940(a), 12940(h) and 12940(j)(4)(A).

4.      Plaintiff is informed, believes and thereon alleges, that at all times relevant for purposes of this Complaint, Defendant, JAKE HALL, an individual is a resident of the State of California and employee of OLD DOMINION FREIGHT LINE, INC.

5.      Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants named herein as DOES 1 through 10, inclusive, and therefore sues Defendants by such fictitious names.  Defendants DOES 1 through 10, at all times relevant for purposes of this Complaint were employees, agents, officers and/or members of the board of directors of Defendants.  Plaintiff will amend this complaint to allege the true names and capacities of the Defendants designated herein as DOES 1 through 10, inclusive, when they have been ascertained.

6.      Plaintiff is informed and believes, and on that basis alleges, that all named Defendants and those designated herein as DOES 1 through 10, inclusive, are responsible in some manner for the

NOSRATILAW, A PROFESSIONAL CORPORATION
1801 CENTURY PARK EAST, STE., 840, L.A., CA 90067

EXHIBIT A

EXHIBIT A

NOSRATILAW, A PROFESSIONAL CORPORATION
1801 CENTURY PARK EAST, STE., 840, LA, CA 90067

acts, events, and occurrences alleged herein, and caused or contributed to the damages sustained by Plaintiff.

7.    Plaintiff is informed and believes, and on that basis alleges, that at all times relevant for purposes of this Complaint, the Defendants designated herein as DOES 1 through 10, inclusive, acted as the agents, employees, directors, officers, co-venturers, and partners of the named Defendants and such fictitiously named Defendants.  Each of them, while acting in the course and scope of their agency, employment, corporate capacities, and partnership, performed the acts and conduct hereinafter alleged, and said acts and conduct were ratified and approved by each Defendant.

## JURISDICTION & VENUE

8.    Defendants and DOES 1 through 10 are subject to suit under the California Fair Employment and Housing Act ("FEHA") as they regularly employ five or more persons in the State of California.  *Gov't Code* §12926(d).  FEHA prohibits discrimination, harassment, and retaliation on the basis of race, sex, gender, color, national origin, disability, ancestry and age, among other acts, by an employer against an employee.

9.    At all times during Mr. Megdich's employment with Defendants, his home base for employment was in California, specifically Sacramento County, California.

10.    Plaintiff has exhausted all administrative remedies necessary and has timely brought this action. Attached herein to this Complaint as Exhibit 1 is a Right to Sue issued by the California Civil Rights Department CRD, formally the Department of Fair Employment and Housing, DFEH.

11.    Further, jurisdiction is proper in this court by virtue of the California statutes, decisional law, and regulations, and the local rules under the Sacramento County Superior Court Rules.

12.    Jurisdiction and venue in this county and division is proper because the events giving rise to each and every of the following causes of action, which are described below, occurred within this judicial district in the State of California. Furthermore, the relief sought through this Complaint is within the jurisdiction of this Court because the damages are more than $35,000.00.

13.    Venue is proper in the Sacramento County Superior Court pursuant to Code of Civil Procedure §395(a) and 395.5 because most if not all of the acts complained of herein occurred in the County of Sacramento.

EXHIBIT A

## FACTS COMMON TO ALL CAUSES OF ACTION

14.     In or around 2017, Dominion hired Plaintiff as a part-time Dock Worker. Plaintiff is an African immigrant. Plaintiff wished to rise through the ranks at Dominion and had the experience and work ethic to do so.

15.     As such, in or around October 2021, Plaintiff applied for a supervisor position.

16.     Plaintiff's supervisor Jake Hall ("Mr. Hall"), did not consider him for the supervisor position and instead gave Plaintiff the title of Dock Lead. Plaintiff expressed his disappointment to Mr. Hall after not even being considered. Mr. Hall was the sole decision-maker in hiring and/or promoting existing employees into supervisor positions.

17.     In or around October 2021, Plaintiff again applied for a supervisor position. After submitting his application for consideration, Mr. Hall requested that he provide letters of recommendation for consideration of the position. Plaintiff was the only applicant for the supervisory position who was requested to provide letters of recommendation. Plaintiff believed this treatment was because of his race. Plaintiff is an immigrant African male from Tunisia and Mr. Hall is a Caucasian male.

18.     In or around 2022, Dominion hired Benjamin Lopez ("Mr. Lopez") as a Dock Worker and three months later, Mr. Hall promoted him to a supervisor position. Plaintiff took note of the fact that he had more experience and tenure than Mr. Lopez but was never promoted to the position of supervisor.

19.     Mr. Lopez and Eric (last name unknown), both supervisors, often displayed micro-aggressions towards Plaintiff. For example, Eric and Mr. Lopez would refer to Plaintiff as "tire boy" because they would assign him to work on tires. Mr. Lopez and Eric did not refer to any other employees by names that referenced assigned job duties. Eric and Mr. Lopez would often cut off Plaintiff when he attempted to speak.

20.     Keshawn (last name unknown) and Antoine (last name unknown), also employees of Dominion, taunted Plaintiff with sexually explicit comments such as "pussy lover" "fat pussy lover" (alluding to Plaintiff's wife's weight) and "pimp." Keshawn (last name unknown) and Antoine (last name unknown) also made inappropriate comments about Plaintiff's race. As a Northern African man,

COMPLAINT FOR MONETARY AND PUNITIVE DAMAGES

NOSRATILAW, A PROFESSIONAL CORPORATION
1801 CENTURY PARK EAST, STE., 840, L.A., CA 90067

EXHIBIT A

they called him a "terrorist" and frequently reminded him that he was an "immigrant" or referred to him as "the immigrant," saying things such as "the immigrant is here."

21.    When Plaintiff asked Keshawn and Antoine to refrain from using such sexually explicit language and demeaning names and remain professional in the workplace, they nicknamed him "snitch."

22.    Plaintiff complained to Mr. Hall about the harassing and sexually explicit comments, but Mr. Hall did not take action. Plaintiff felt so uncomfortable that he asked Mr. Hall to switch shifts so as to not be subjected to Keshawn's and Antoine's harassing behavior.

23.    On or around July 30, 2023, Plaintiff sustained a work-related injury. Plaintiff was ordered to visit a physician for his work-related injury. In or around August 2023, Plaintiff visited Dr. Fred Scruggs, Jr. ("Dr. Scruggs") who placed him on a 50% workload related to his duties with Dominion.

24.    Following his workplace injury, Plaintiff continued working at 50% workload as instructed by his medical provider. However, supervisor, Tom Bates ("Mr. Bates"), took issue with Plaintiff's accommodations and continuously complained about Plaintiff working less. Plaintiff noticed that following the disclosure of his disability, Mr. Bates and Mr. Hall became more distant and non-engaging toward him.

25.    On or around August 29, 2023, Plaintiff was deemed able to return to work at full capacity.

26.    In or around early September 2023, Plaintiff (yet again) applied for a supervisor position and was turned down by Mr. Hall.

27.    On or around September 13, 2023, Plaintiff sent a text message to Mr. Hall in which he complained that he had not been chosen for the supervisor position and that the individual who did receive the supervisor position was underqualified. Mr. Hall agreed to meet Plaintiff on September 18, 2023, to discuss the situation in person.

28.    On or around September 18, 2023, Plaintiff met with Mr. Hall and discussed his frustrations about not being considered for a supervisor position despite his qualifications. Plaintiff informed Mr. Hall that he believed he was not being promoted due to Mr. Hall's discriminatory hiring

COMPLAINT FOR MONETARY AND PUNITIVE DAMAGES

NOSRATILAW, A PROFESSIONAL CORPORATION
1801 CENTURY PARK EAST, STE., 840, L.A., CA 90067

EXHIBIT A

practices. Mr. Hall responded and stated, "I have to take care of my people." Plaintiff understood this comment to mean that Mr. Hall only promoted Caucasians or those with white skin.

29.     Only one day after Plaintiff's complaint of discrimination to Mr. Hall, Mr. Hall wrote up Plaintiff for "improperly" inflating tires. This was a task Plaintiff had done hundreds of times without issue. Dominion employee, Josh Paulino ("Mr. Paulino"), witnessed Plaintiff inflating the tires and stated to Mr. Hall that he [Plaintiff] was doing the task correctly. Mr. Hall proceeded with the write-up anyway.

30.     The same day, Plaintiff noticed a potential safety issue involving a pallet that did not belong to Dominion, therefore the pallet needed to be promptly removed from their dock. Mr. Hall then ordered Plaintiff to write a statement on this safety issue and the alleged improper tire inflation.

31.     On or around October 12, 2023, Plaintiff arrived at Dominion and after clocking in for his shift, he was approached by Mr. Paulino, who told him that Mr. Bates wanted him to go home for the day. On his way off the premises, Plaintiff encountered Mr. Bates and questioned why he was being sent home. Mr. Bates requested that they speak in his office.

32.     Once inside his office, Mr. Bates terminated Plaintiff's employment. Plaintiff attempted to ask for clarification and a reason behind his termination, but Mr. Bates refused to answer.

33.     Upon leaving Dominion, Plaintiff texted Mr. Hall asking why he was terminated. He did not receive a response and soon noticed that Mr. Hall had blocked him from any further communication. Consequently, Plaintiff's termination was merely pretext for unlawful racial discrimination and retaliation.

34.     In addition, from in or around October 2021 to the termination of his employment with Dominion, Plaintiff internally applied for a supervisor position approximately seven times and despite being well-qualified and experienced he was never offered the supervisor position.

## FIRST CAUSE OF ACTION

### DISCRIMINATION BASED ON RACE [Gov't Code § 12940(a)]

### (Against DOMINION and DOES 1-10, inclusive)

35.     Plaintiff alleges and incorporates by reference each of the foregoing paragraphs of this Complaint for Monetary and Punitive Damages as if fully alleged herein.

NOSRATILAW, A PROFESSIONAL CORPORATION
1801 CENTURY PARK EAST, STE., 840, L.A, CA 90067

EXHIBIT A

36.    At all times herein mentioned, California Government Code sections 12940 et seq. were in full force and effect and were binding on the Defendant.  Under the Fair Employment and Housing Act ("FEHA"), California Government Code section 12940 et seq., it is an unlawful employment practice for an employer to discriminate against the person in the terms, conditions, or privileges of employment on the basis of race.

37.    Plaintiff is a member of a protected class due to his African race.

38.    At all relevant times, Plaintiff was performing his job competently for Defendant.

39.    Throughout his six years of employment, Plaintiff was routinely subjected to derogatory and racially motivated comments at the hands of Defendants. These comments include but are not limited to, "immigrant," and "terrorist." Plaintiff's Caucasian co-workers were not subjected to the same treatment.

40.    From in or around October 2021 through his termination, Plaintiff internally applied for a supervisor position approximately seven times. Plaintiff was asked to provide letters of recommendation while his Caucasian counterparts were not. Plaintiff was never promoted, despite having more tenure and experience than the Caucasian employee who received the promotion.

41.    After sharing with his Caucasian supervisor that Plaintiff felt he was not promoted due to discriminatory practices, his supervisor stated, "I have to take care of my people." Plaintiff felt offended by Defendant's comments regarding his race.

42.    Plaintiff suffered an adverse employment action when he was denied promotions and subsequently terminated on or around October 12, 2023.

43.    Plaintiff's African race was a motivating factor in Defendants' discriminatory conduct and decision to not promote and subsequently terminate Plaintiff.

44.    As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered actual, consequential, and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment-related opportunities for growth in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

NOSRATILAW, A PROFESSIONAL CORPORATION
1801 CENTURY PARK EAST, STE., 840, LA, CA 90067

EXHIBIT A

NOSRATILAW, A PROFESSIONAL CORPORATION
1801 CENTURY PARK EAST, STE., 840, LA, CA 90067

45.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress and will likely incur medical expenses as a result. Plaintiff is informed and believes and thereon alleges that he will continue to experience said emotional suffering for a period in the future he cannot presently ascertain, all in an amount subject to proof at the time of trial.

46.     As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute his claims herein and has incurred, and is expected to continue to incur, attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code section 12965, subdivision (b).

47.     The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff.  Defendants and its agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to an award of punitive damages against Defendants.

48.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court and requests relief as described in the PRAYER below.

## SECOND CAUSE OF ACTION

### DISCRIMINATION BASED ON NATIONAL ORIGIN [Gov't Code § 12940(a)]

### (Against DOMINION and DOES 1-10, inclusive)

49.     Plaintiff alleges and incorporates by reference each of the foregoing paragraphs of this Complaint for Monetary and Punitive Damages as if fully alleged herein.

50.     At all times herein mentioned, California Government Code sections 12940 et seq. were in full force and effect and were binding on the Defendant.  Under the Fair Employment and Housing Act ("FEHA"), California Government Code section 12940 et seq., it is an unlawful employment practice for an employer to discriminate against the person in the terms, conditions, or privileges of employment on the basis of national origin.

51.     Plaintiff is a member of a protected class due to his Tunisian/African national origin.

52.     At all relevant times, Plaintiff was performing his job competently for Defendant.

53.     Throughout his six years of employment, Plaintiff was routinely subjected to derogatory and racially motivated comments at the hands of Defendants. These comments include but are not limited to, "immigrant," and "terrorist." Plaintiff's Caucasian co-workers were not subjected to the same treatment.

54.     From in or around October 2021 through his termination, Plaintiff internally applied for a supervisor position approximately seven times. Plaintiff was asked to provide letters of recommendation while his Caucasian counterparts were not. Plaintiff was never promoted, despite having more tenure and experience than the Caucasian employee who received the promotion.

55.     After sharing with his Caucasian supervisor that Plaintiff felt he was not promoted due to discriminatory practices, his supervisor stated, "I have to take care of my people." Plaintiff felt offended by Defendant's comments regarding his race.

56.     Plaintiff suffered an adverse employment action when he was denied promotions and subsequently terminated on or around October 12, 2023.

57.     Plaintiff's Tunisian/African national origin was a motivating factor in Defendants' discriminatory conduct and decision to not promote and subsequently terminate Plaintiff.

58.     As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered actual, consequential, and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment-related opportunities for growth in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

59.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress and will likely incur medical expenses as a result. Plaintiff is informed and believes and thereon alleges that he will continue to experience said emotional suffering for a period in the future he cannot presently ascertain, all in an amount subject to proof at the time of trial.

60.     As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to

NOSRATILAW, A PROFESSIONAL CORPORATION
1801 CENTURY PARK EAST, STE., 840, L.A., CA 90067

COMPLAINT FOR MONETARY AND PUNITIVE DAMAGES

EXHIBIT A

1   hire attorneys to prosecute his claims herein and has incurred, and is expected to continue to incur,

2   attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and

3   costs under California Government Code section 12965, subdivision (b).

4        61.     The acts taken toward Plaintiff were carried out by Defendants' officers, directors,

5   and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate,

6   egregious, and inexcusable manner and in conscious disregard for the rights and safety of

7   Plaintiff.  Defendants and its agents/employees or supervisors, authorized, condoned, and ratified the

8   unlawful conduct of each other.  Consequently, Plaintiff is entitled to an award of punitive damages

9   against Defendants.

10       62.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of

11  this Court and requests relief as described in the PRAYER below.

12                          **THIRD CAUSE OF ACTION**

13           **HARASSMENT BASED ON RACE [Gov't Code § 12940(j)]**

14          **(Against DOMINION, JAKE HALL, and DOES 1-10, inclusive)**

15       63.     Plaintiff alleges and incorporates by reference each of the foregoing paragraphs of this

16  Complaint for Monetary and Punitive Damages as if fully alleged herein.

17       64.     At all times relevant for purposes of this Complaint, the FEHA, Gov't Code § 12940(j)

18  was in full force and effect and binding on Defendants.  FEHA makes it unlawful for an employer, on

19  the basis of race, "to harass an employee."

20       65.     The California Supreme Court has held that "official employment actions" can be

21  considered as part of the conduct supporting a harassment claim when the actions convey an offensive

22  and hostile message to the employee. *Roby v. McKesson Corp.*, (2009) 47 Cal.4th 686, 708.

23       66.     Plaintiff is a member of a protected class due to his African race.

24       67.     Throughout his six years of employment, Plaintiff was routinely subjected to harassing

25  conduct by the employees of Dominion. Plaintiff was subjected to derogatory and racially motivated

26  comments at the hands of Defendants. These comments include but are not limited to, "immigrant,"

27  "pimp," and "terrorist." Plaintiff's Caucasian co-workers were not subjected to the same treatment.

28  Employees of Dominion taunted Plaintiff with sexually explicit comments such as "pussy lover" "fat

NOSRATILAW, A PROFESSIONAL CORPORATION
1801 CENTURY PARK EAST, STE., 840, L.A. CA 90067

EXHIBIT A

EXHIBIT A

1   pussy lover" (alluding to Plaintiff's wife's weight) and "pimp."

2   68.    From in or around October 2021 through his termination, Plaintiff internally applied

3   for a supervisor position approximately seven times. Plaintiff was asked to provide letters of

4   recommendation while his Caucasian counterparts were not. Plaintiff was never promoted, despite

5   having more tenure and experience than the Caucasian employee who received the promotion.

6   69.    When Plaintiff complained about his lack of promotion, Defendant Hall reiterated that

7   he had to "take care of his people." Plaintiff understood this comment to mean that Mr. Hall only

8   promoted Caucasians or those with white skin.

9   70.    Mr. Hall's harassment and that of other Dominion employees was severe, pervasive,

10  and altered the conditions of Plaintiff's employment by creating an abusive work environment. This

11  conduct and behavior altered the terms of Plaintiff's employment because the differential treatment of

12  Plaintiff communicated an offensive message, that Plaintiff's Arican race made him less valuable and

13  respected than his non-African co-workers.

14  71.    Such severe and continuous harassment was not within managerial discretion, as it was

15  illegal conduct in violation of the FEHA.

16  72.    Defendants' conduct as alleged above constituted unlawful racial harassment in

17  violation of the FEHA.

18  73.    As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual,

19  consequential and incidental financial losses, including without limitation, loss of salary and benefits,

20  all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant

21  to California Civil Code sections 3287 and/or 3288 and/or any other provision of law providing for

22  prejudgment interest.

23  74.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

24  has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and

25  emotional distress and will likely incur medical expenses as a result. Plaintiff is informed and believes

26  and thereon alleges that he will continue to experience said emotional suffering for a period in the

27  future he cannot presently ascertain, all in an amount subject to proof at the time of trial.

28  75.    As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to

NOSRATILAW, A PROFESSIONAL CORPORATION
1801 CENTURY PARK EAST, STE., 840, LA, CA 90067

EXHIBIT A

NOSRATILAW, A PROFESSIONAL CORPORATION
1801 CENTURY PARK EAST, STE., 840, L.A., CA 90067

1    hire attorneys to prosecute his claims herein and has incurred, and is expected to continue to incur,

2    attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and

3    costs under California Government Code section 12965, subdivision (b).

4        76.    The acts taken toward Plaintiff were carried out by Defendants' officers, directors,

5    and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate,

6    egregious, and inexcusable manner and in conscious disregard for the rights and safety of

7    Plaintiff.  Defendants and its agents/employees or supervisors, authorized, condoned, and ratified the

8    unlawful conduct of each other.  Consequently, Plaintiff is entitled to an award of punitive damages

9    against Defendants.

10       77.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of

11   this Court and requests relief as described in the PRAYER below.

12                           **FOURTH CAUSE OF ACTION**

13   **HARASSMENT BASED ON NATIONAL ORIGIN [Gov't Code § 12940(j)]**

14            **(Against DOMINION, JAKE HALL, and DOES 1-10, inclusive)**

15       78.    Plaintiff alleges and incorporates by reference each of the foregoing paragraphs of this

16   Complaint for Monetary and Punitive Damages as if fully alleged herein.

17       79.    At all times relevant for purposes of this Complaint, the FEHA, Gov't Code § 12940(j)

18   was in full force and effect and binding on Defendants.  FEHA makes it unlawful for an employer, on

19   the basis of national origin, "to harass an employee."

20       80.    The California Supreme Court has held that "official employment actions" can be

21   considered as part of the conduct supporting a harassment claim when the actions convey an offensive

22   and hostile message to the employee. *Roby v. McKesson Corp.*, (2009) 47 Cal.4th 686, 708.

23       81.    Plaintiff is a member of a protected class due to his Tunisian/African national origin.

24       82.    Throughout his six years of employment, Plaintiff was routinely subjected to harassing

25   conduct by the employees of Dominion. Plaintiff was subjected to derogatory and racially motivated

26   comments at the hands of Defendants. These comments include but are not limited to, "immigrant,"

27   "pimp," and "terrorist." Plaintiff's Caucasian co-workers were not subjected to the same treatment.

28   Employees of Dominion taunted Plaintiff with sexually explicit comments such as "pussy lover" "fat

pussy lover" (alluding to Plaintiff's wife's weight) and "pimp."

83.     From in or around October 2021 through his termination, Plaintiff internally applied for a supervisor position approximately seven times. Plaintiff was asked to provide letters of recommendation while his Caucasian counterparts were not. Plaintiff was never promoted, despite having more tenure and experience than the Caucasian employee who received the promotion.

84.     When Plaintiff complained about his lack of promotion, Defendant Hall reiterated that he had to "take care of his people." Plaintiff understood this comment to mean that Mr. Hall only promoted Caucasians or those with white skin.

85.     Mr. Hall's harassment and that of other Dominion employees was severe, pervasive, and altered the conditions of Plaintiff's employment by creating an abusive work environment. This conduct and behavior altered the terms of Plaintiff's employment because the differential treatment of Plaintiff communicated an offensive message, that Plaintiff's Arican race made him less valuable and respected than his non-African co-workers.

86.     Such severe and continuous harassment was not within managerial discretion, as it was illegal conduct in violation of the FEHA.

87.     Defendants' conduct as alleged above constituted unlawful racial harassment in violation of the FEHA.

88.     As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to California Civil Code sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

89.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress and will likely incur medical expenses as a result. Plaintiff is informed and believes and thereon alleges that he will continue to experience said emotional suffering for a period in the future he cannot presently ascertain, all in an amount subject to proof at the time of trial.

90.     As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to

NOSRATILAW, A PROFESSIONAL CORPORATION
1801 CENTURY PARK EAST, STE., 840, LA, CA 90067

EXHIBIT A

1    hire attorneys to prosecute his claims herein and has incurred, and is expected to continue to incur,

2    attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and

3    costs under California Government Code section 12965, subdivision (b).

4         91.    The acts taken toward Plaintiff were carried out by Defendants' officers, directors,

5    and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate,

6    egregious, and inexcusable manner and in conscious disregard for the rights and safety of

7    Plaintiff.  Defendants and its agents/employees or supervisors, authorized, condoned, and ratified the

8    unlawful conduct of each other.  Consequently, Plaintiff is entitled to an award of punitive damages

9    against Defendants.

10         92.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of

11   this Court and requests relief as described in the PRAYER below.

12                                **FIFTH CAUSE OF ACTION**

13   **FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT [Gov't Code §12940(k)]**

14                        **(Against DOMINION and DOES 1-10, inclusive)**

15         93.    Plaintiff alleges and incorporates by reference each of the foregoing paragraphs of this

16   Complaint for Monetary and Punitive Damages as if fully alleged herein.

17         94.    At all times relevant for purposes of this Complaint, the FEHA, Gov't Code § 12900

18   et seq., was in full force and effect and binding on Defendants.  FEHA requires Defendant(s), among

19   other things, "to take all reasonable steps necessary to prevent discrimination and harassment from

20   occurring."

21         95.    In perpetrating the above-described acts and failures to act, Defendants and its agents

22   violated these provisions by failing to take all reasonable steps necessary to prevent such

23   discrimination and harassment based on race from occurring.  In violation of Gov't Code §12940(k),

24   these acts and failures to act include, but are not limited to, the following:

25         (a)    Having no policies, practices and procedures and/or failing to implement policies,

26   practices and procedures and/or having ineffective policies, practices, and procedures regarding

27   Defendants' obligations to refrain from discrimination and harassment;

28         (b)    Having no policies, practices and procedures and/or failing to implement policies,

NOSRATILAW, A PROFESSIONAL CORPORATION
1801 CENTURY PARK EAST, STE., 840, L.A., CA 90067

– 14 –
COMPLAINT FOR MONETARY AND PUNITIVE DAMAGES

EXHIBIT A

EXHIBIT A

1   practices and procedures and/or having ineffective policies, practices, and procedures regarding the

2   handling of complaints of discrimination and harassment;

3          (c)     Failing to provide any and/or adequate training, education, or information to their

4   personnel, and most particularly to management and supervisory personnel with regard to policies and

5   procedures regarding preventing discrimination and harassment; and

6          (d)     Failing to take permanent remedial steps reasonably calculated to end the current

7   harassment and deter future harassment from the same offender or others.

8          96.     During the entire relevant period, Defendants failed to take all reasonable steps to

9   prevent discrimination and harassment, and such discrimination and harassment was condoned,

10  encouraged, tolerated, sanctioned, and ratified.

11         97.     During the entire relevant period, Defendants failed to provide any and/or adequate

12  training, education, and/or information to their personnel, and most particularly to management and

13  supervisory personnel with regard to policies and procedures regarding discrimination and harassment

14  on the basis of race.

15         98.     During the entire relevant period, Defendants failed to take reasonable steps to prevent

16  discrimination and harassment from being inflicted against Plaintiff, resulting in Plaintiff's failure to

17  promote and termination.

18         99.     As a proximate result of Defendants' conduct, Plaintiff has suffered actual,

19  consequential and incidental financial losses, including without limitation, loss of salary and benefits,

20  and the intangible loss of employment-related opportunities for growth in his field and damage to his

21  professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such

22  amounts as damages together with prejudgment interest pursuant to Civil Code Sections 3287 and/or

23  3288 and/or any other provision of law providing for prejudgment interest.

24         100.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

25  has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and

26  emotional distress and has incurred and will likely incur, medical expenses as a result.  Plaintiff is

27  informed and believes and thereon alleges that he will continue to experience said pain and mental

28  and emotional suffering for a period in the future he cannot presently ascertain, all in an amount subject

NOSRATILAW, A PROFESSIONAL CORPORATION
1801 CENTURY PARK EAST, STE., 840, LA, CA 90067

– 15 –

EXHIBIT A

EXHIBIT A

NOSRATILAW, A PROFESSIONAL CORPORATION
1801 CENTURY PARK EAST, STE., 840, LA., CA 90067

to proof at the time of trial.

101.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute his claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover such attorneys' fees and costs under California Government Code Section 12965(b).

102.    The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff.  Defendants and its agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to an award of punitive damages against Defendants.

103.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court and requests relief as described in the PRAYER below.

### SIXTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF FEHA [Gov. Code § 12940(h) and 12940(m)(2)]

### (Against DOMINION and DOES 1-10, inclusive)

104.    Plaintiff alleges and incorporates by reference each of the foregoing paragraphs of this Complaint for Monetary and Punitive Damages as if fully alleged herein.

105.    It is unlawful for an employer "to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part." Gov. Code, § 12940, subd. (h). Moreover, it is unlawful for an employer to "retaliate or otherwise discriminate against a person for requesting accommodation under this subdivision, regardless of whether the request was granted." Gov. Code, § 12940, subd. (m).

106.    Plaintiff engaged in protected activity on numerous occasions when he complained to Mr. Hall about the sexually explicit and demeaning comments that were made by Plaintiff's coworkers on the basis of Plaintiff's African race/national origin. The coworkers that made the harassing comments included Mr. Lopez, Eric (last name unknown), Keshawn (last name unknown) and Antoine

– 16 –

EXHIBIT A

EXHIBIT A

(last name unknown).

107.    In or around August 2023, Plaintiff engaged in further protected activity when he made a request for reasonable accommodation of a 50% workload due to his workplace injury.

108.    On or around September 13, 2023, Plaintiff engaged in protected activity when he made a complaint to Mr. Hall that he had not been chosen for the supervisor position and that the individual who did receive the supervisor position was underqualified.

109.    On or around September 18, 2023, Plaintiff engaged in protected activity when he made a complaint to Mr. Hall that he believed he was not being promoted due to Mr. Hall's discriminatory hiring practices. Mr. Hall responded and stated, "I have to take care of my people." Plaintiff understood this comment to mean that Mr. Hall only promoted Caucasians or those with white skin.

110.    As a result of the retaliatory treatment, Plaintiff suffered an adverse employment action when he was not selected for the numerous supervisory roles that Plaintiff applied to. In addition, Plaintiff suffered a further adverse employment action when he was terminated on or around October 12, 2023.

111.    Plaintiff's protected activity was a motivating factor in Defendants' decision to terminate Plaintiff's employment. There is a casual link between the protected activity and the Defendants' adverse employment action based on the temporal proximity of the protected activities and adverse employment actions as set forth above.

112.    As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to California Civil Code sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

113.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress and will likely incur medical expenses as a result. Plaintiff is informed and believes and thereon alleges that he will continue to experience said emotional suffering for a period in the future he cannot presently ascertain, all in an amount subject to proof at the time of trial.

COMPLAINT FOR MONETARY AND PUNITIVE DAMAGES

EXHIBIT A

NOSRATILAW, A PROFESSIONAL CORPORATION
1801 CENTURY PARK EAST, STE., 840, LA, CA 90067

114.     As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute his claims herein and has incurred, and is expected to continue to incur, attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code section 12965, subdivision (b).

115.     The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff.  Defendants and its agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to an award of punitive damages against Defendants.

116.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court and requests relief as described in the PRAYER below.

## SEVENTH CAUSE OF ACTION

## WHISTLEBLOWER RETALIATION [Labor Code § 1102.5]

### (Against DOMINION and DOES 1-10, inclusive)

117.     Plaintiff alleges and incorporates by reference each of the foregoing paragraphs of this Complaint for Monetary and Punitive Damages as if fully alleged herein.

118.     Labor Code section 1102.5 prohibits employers from retaliating against employees who engage in protected "whistleblowing" activities when the employee has reasonable cause to believe that the information discloses a violation of state of federal statute. *Diego v. Pilgrim United Church of Christ*, (2014) 231 Cal.App.4th 913. 923.

119.     In addition, Labor Code 1102.5(b) forbids retaliation if the employee disclosed, or the employer believes he disclosed "to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation of noncompliance."

120.     According to the recent decision by the California Supreme Court in *Lawson v. PPG Architectural Finishes, Inc.* (2022) 12 Cal.5th 703, courts must apply the framework prescribed by statute in Labor Code section 1102.6 rather than the rest set forth in *McDonnel Douglas Corp. v. Green* (1973) 411 U.S. 792. Once an employee-whistleblower establishes by a preponderance of the evidence

NOSRATILAW, A PROFESSIONAL CORPORATION
1801 CENTURY PARK EAST, STE., 840, L.A., CA 90067

NOSRATILAW, A PROFESSIONAL CORPORATION
1801 CENTURY PARK EAST, STE., 840, L.A., CA 90067

that retaliation was a contributing factor in the employee's termination, demotion, or other adverse action, the employer then bears the burden of demonstrating by *clear and convincing* evidence that it would have taken the same action "for legitimate, independent reasons." (Lab.Code, § 1102.6).

121.    Plaintiff engaged in protected activity on numerous occasions when he complained to Mr. Hall about the sexually explicit and demeaning comments that were made by Plaintiff's coworkers on the basis of Plaintiff's African race/national origin. The coworkers that made the harassing comments included  Mr. Lopez, Eric (last name unknown), Keshawn (last name unknown) and Antoine (last name unknown).

122.    On or around September 13, 2023, Plaintiff engaged in protected activity when he made a complaint to Mr. Hall that he had not been chosen for the supervisor position and that the individual who did receive the supervisor position was underqualified.

123.    On or around September 18, 2023, Plaintiff engaged in protected activity when he made a complaint to Mr. Hall that he believed he was not being promoted due to Mr. Hall's discriminatory hiring practices. Mr. Hall responded and stated, "I have to take care of my people." Plaintiff understood this comment to mean that Mr. Hall only promoted Caucasians or those with white skin.

124.    Plaintiff had a reasonable belief that Defendants' conduct violated state or federal law, including, without limitations, FEHA.

125.    As a result of the retaliatory treatment, Plaintiff suffered an adverse employment action when he was not selected for the numerous supervisory roles that Plaintiff applied to. In addition, Plaintiff suffered a further adverse employment action when he was terminated on or around October 12, 2023.

126.    Based on the temporal proximity of Plaintiff's most recent protected activity and the subsequent retaliatory treatment, Plaintiff's protected activities was a contributing factor to his termination.

127.    As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to California Civil Code sections 3287 and/or 3288 and/or any other provision

EXHIBIT A

EXHIBIT A

of law providing for prejudgment interest.

128.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress and will likely incur medical expenses as a result. Plaintiff is informed and believes and thereon alleges that he will continue to experience said emotional suffering for a period in the future he cannot presently ascertain, all in an amount subject to proof at the time of trial.

129.     As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute his claims herein and has incurred, and is expected to continue to incur, attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Code of Civil Procedure section 1102.5 and 1102.5 subdivision (j).

130.     The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff.  Defendants and its agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to an award of punitive damages against Defendants.

131.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court and requests relief as described in the PRAYER below.

### EIGHTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against DOMINION and DOES 1-10, inclusive)

132.     Plaintiff alleges and incorporates by reference each of the foregoing paragraphs of this Complaint for Monetary and Punitive damages.

133.     California recognizes the tort claim of wrongful discharge based on a violation of fundamental and substantive public policy.  *Tameny v. Atlantic Richfield Co.*, 27 Cal. 3d 167 (1980). In addition, Government Code §12920 declares that it is the public policy of California that "it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national

NOSRATILAW, A PROFESSIONAL CORPORATION
1801 CENTURY PARK EAST, STE., 840, LA, CA 90067

EXHIBIT A

1  origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age, or

2  sexual orientation."

3    134.   Pursuant to the California's Fair Employment and Housing Act ("FEHA"),

4  *Government Code* §§ 12940, *et seq.*, California also has a fundamental and substantive public policy

5  that prohibits employers from discriminating against employees on the basis of their race and/or

6  national origin.

7    135.   Pursuant to Labor Code 1102.5, California has a fundamental and substantive public

8  policy that prohibits employers from retaliating against employees who engage in protected

9  "whistleblowing" activities when the employee has reasonable cause to believe that the information

10  discloses a violation of state or federal statute.

11    136.   As set forth above, Defendants terminated Plaintiff in violation of fundamental and

12  substantive public policies.

13    137.   As a direct and proximate result of the wrongful acts of Defendants, and each of them,

14  Plaintiff has been harmed in that Plaintiff has suffered actual, consequential and incidental financial

15  losses, including without limitation loss of salary and benefits, and the intangible loss of employment-

16  related opportunities for growth in his field and damage to his professional reputation, all in an amount

17  subject to proof at the time of trial.   Plaintiff claims such amounts as damages together with

18  prejudgment interest pursuant to *Civil Code* sections 3287 and/or 3288 and/or any other provision of

19  law providing for prejudgment interest.

20    138.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

21  has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and

22  emotional distress and has incurred and will likely incur, medical expenses as a result.   Plaintiff is

23  informed and believes and thereon alleges that he will continue to experience said pain and mental

24  and emotional suffering for a period in the future he cannot presently ascertain, all in an amount subject

25  to proof at the time of trial.

26    139.   The acts taken toward Plaintiff were carried out by and/or ratified by Defendants and/or

27  managing agent employees of Defendants acting in a despicable, oppressive, fraudulent, malicious,

28  deliberate, egregious, and inexcusable manner in order to injure and damage Plaintiff, thereby

NOSRATILAW, A PROFESSIONAL CORPORATION
1801 CENTURY PARK EAST, STE., 840, L.A, CA 90067

– 21 –
COMPLAINT FOR MONETARY AND PUNITIVE DAMAGES     EXHIBIT A

1  justifying an award to him of punitive damages in a sum appropriate to punish and make an example

2  of Defendants.

3       140.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of

4  this Court and requests relief as described in the PRAYER below.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgment as follows:

1.  For all actual, consequential and incidental financial losses, including without limitation
    loss of salary and benefits, together with prejudgment interest, according to proof;

2.  For compensatory and general damages in an amount according to proof;

3.  For punitive damages;

4.  For injunctive and declaratory relief;

5.  For penalties pursuant to Labor Code Section 1102.5;

6.  For Attorney's fees and costs;

7.  For prejudgment and post-judgment interest according to any applicable provision of law,
    according to proof;

8.  For such other and further relief as the Court may deem just and proper.

Dated: September 30, 2024

                                    N O S R A T I L A W
                                    A PROFESSIONAL LAW CORPORATION


                                    By:/s/ Sol Nunez, Esq.
                                       Omid Nosrati, Esq.
                                       Rene M. Maldonado, Esq.
                                       Sol Nunez, Esq.
                                       Attorneys for Plaintiff,
                                       JAOUHER MEGDICH


**DEMAND FOR JURY TRIAL**

     Plaintiff hereby demands a jury trial as provided by California Code of Civil Procedure

section 631.

Dated: September 30, 2024

                                    N O S R A T I L A W
                                    A PROFESSIONAL LAW CORPORATION

NOSRATILAW, A PROFESSIONAL CORPORATION
1801 CENTURY PARK EAST, STE., 840, L.A., CA 90067

– 22 –
COMPLAINT FOR MONETARY AND PUNITIVE DAMAGES

EXHIBIT A

1

2    By: */s/ Sol Nunez, Esq.*

   Omid Nosrati, Esq.
3    Rene M. Maldonado, Esq.
   Sol Nunez, Esq.
   Attorneys for Plaintiff,
4    JAOUHER MEGDICH

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOSRATILAW, A PROFESSIONAL CORPORATION
1801 CENTURY PARK EAST, STE., 840, L.A., CA 90067

COMPLAINT FOR MONETARY AND PUNITIVE DAMAGES

EXHIBIT A



# EXHIBIT 1

EXHIBIT A





STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

## Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

September 30, 2024

Rene Maldonado
1801 Century Park East, Ste. 840
Los Angeles, CA 90067

RE:    **Notice to Complainant's Attorney**
CRD Matter Number: 202409-26455430
Right to Sue: MEGDICH / OLD DOMINION FREIGHT LINE, INC. et al.

Dear Rene Maldonado:

Attached is a copy of your complaint of discrimination filed with the Civil Rights
Department (CRD) pursuant to the California Fair Employment and Housing Act,
Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Civil Rights Department





STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency          GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

September 30, 2024

RE:    **Notice of Filing of Discrimination Complaint**
       CRD Matter Number: 202409-26455430
       Right to Sue: MEGDICH / OLD DOMINION FREIGHT LINE, INC. et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil
Rights Department (CRD) in accordance with Government Code section 12960. This
constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. A copy of the Notice of
Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their
contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department

EXHIBIT A





STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

September 30, 2024

JAOUHER MEGDICH
1801 Century Park East, Ste. 840
Los Angeles, CA 90067

RE:    **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202409-26455430
Right to Sue: MEGDICH / OLD DOMINION FREIGHT LINE, INC. et al.

Dear JAOUHER MEGDICH:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective September 30, 2024 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2024/05)



# COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
### Civil Rights Department
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**

JAOUHER MEGDICH                                    CRD No. 202409-26455430

                                    Complainant,

vs.

OLD DOMINION FREIGHT LINE, INC.
,

JAKE HALL
,

                                    Respondents

_____

**1.** Respondent **OLD DOMINION FREIGHT LINE, INC.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.**Complainant is naming **JAKE HALL** individual as Co-Respondent(s).

**3**. Complainant **JAOUHER MEGDICH**, resides in the City of **Los Angeles,** State of **CA.**

**4**. Complainant alleges that on or about **October 12, 2023**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's national origin (includes language restrictions), race (includes hairstyle and hair texture).

**Complainant was discriminated against** because of complainant's national origin (includes language restrictions), race (includes hairstyle and hair texture) and as a result of the discrimination was terminated, denied hire or promotion, reprimanded.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation and as a result was terminated, denied hire or promotion, reprimanded.

-1-
*Complaint – CRD No. 202409-26455430*

Date Filed: September 30, 2024

CRD-ENF 80 RS (Revised 2024/05)

EXHIBIT A

EXHIBIT A

**Additional Complaint Details:** On information and belief, JAOUHER MEGDICH ("Claimant") alleges as follows:

In or around 2017, Respondent OLD DOMINION FREIGHT LINE, INC., ("Respondent") hired Plaintiff as a part-time Dock Worker. Plaintiff is an African immigrant. Plaintiff wished to rise through the ranks at Respondent and had the experience and work ethic to do so.

As such, in or around October 2021, Plaintiff applied for a supervisor position.

Plaintiff's supervisor Respondent JAKE HALL ("Mr. Hall"), did not consider him for the supervisor position and instead gave Plaintiff the title of Dock Lead. Plaintiff expressed his disappointment to Mr. Hall after not even being considered. Mr. Hall was the sole decision-maker in hiring and/or promoting existing employees into supervisor positions.

In or around October 2021, Plaintiff again applied for a supervisor position. After submitting his application for consideration, Mr. Hall requested that he provide letters of recommendation for consideration of the position. Plaintiff was the only applicant for the supervisory position who was requested to provide letters of recommendation. Plaintiff believed this treatment was because of his race. Plaintiff is an immigrant African male from Tunisia and Mr. Hall is a Caucasian male.

In or around 2022, Respondent hired Benjamin Lopez ("Mr. Lopez") as a Dock Worker and three months later, Mr. Hall promoted him to a supervisor position. Plaintiff took note of the fact that he had more experience and tenure than Mr. Lopez but was never promoted to the position of supervisor.

Mr. Lopez and Eric (last name unknown), both supervisors, often displayed micro-aggressions towards Plaintiff. For example, Eric and Mr. Lopez would refer to Plaintiff as "tire boy" because they would assign him to work on tires. Mr. Lopez and Eric did not refer to any other employees by names that referenced assigned job duties. Eric and Mr. Lopez would often cut off Plaintiff when he attempted to speak.

Keshawn (last name unknown) and Antoine (last name unknown), also employees of Respondent, taunted Plaintiff with sexually explicit comments such as "pussy lover" "fat pussy lover" (alluding to Plaintiff's wife's weight) and "pimp." Keshawn (last name unknown) and Antoine (last name unknown) also made inappropriate comments about Plaintiff's race. As a Northern African man, they called him a "terrorist" and frequently reminded him that he was an "immigrant" or referred to him as "the immigrant," saying things such as "the immigrant is here."

When Plaintiff asked Keshawn and Antoine to refrain from using such sexually explicit language and demeaning names and remain professional in the workplace, they nicknamed him "snitch."

*Complaint – CRD No. 202409-26455430*

Date Filed: September 30, 2024

CRD-ENF 80 RS (Revised 2024/05)

EXHIBIT A

Plaintiff complained to Mr. Hall about the harassing and sexually explicit comments, but Mr. Hall did not take action. Plaintiff felt so uncomfortable that he asked Mr. Hall to switch shifts so as to not be subjected to Keshawn's and Antoine's harassing behavior.

On or around July 30, 2023, Plaintiff sustained a work-related injury. Plaintiff was ordered to visit a physician for his work-related injury. In or around August 2023, Plaintiff visited Dr. Fred Scruggs, Jr. ("Dr. Scruggs") who placed him on a 50% workload related to his duties with Respondent.

Following his workplace injury, Plaintiff continued working at 50% workload as instructed by his medical provider. However, supervisor, Tom Bates ("Mr. Bates"), took issue with Plaintiff's accommodations and continuously complained about Plaintiff working less. Plaintiff noticed that following the disclosure of his disability, Mr. Bates and Mr. Hall became more distant and non-engaging toward him.

On or around August 29, 2023, Plaintiff was deemed able to return to work at full capacity.

In or around early September 2023, Plaintiff (yet again) applied for a supervisor position and was turned down by Mr. Hall.

On or around September 13, 2023, Plaintiff sent a text message to Mr. Hall in which he complained that he had not been chosen for the supervisor position and that the individual who did receive the supervisor position was underqualified. Mr. Hall agreed to meet Plaintiff on September 18, 2023, to discuss the situation in person.

On or around September 18, 2023, Plaintiff met with Mr. Hall and discussed his frustrations about not being considered for a supervisor position despite his qualifications. Plaintiff informed Mr. Hall that he believed he was not being promoted due to Mr. Hall's discriminatory hiring practices. Mr. Hall responded and stated, "I have to take care of my people." Plaintiff understood this comment to mean that Mr. Hall only promoted Caucasians or those with white skin.

Only one day after Plaintiff's complaint of discrimination to Mr. Hall, Mr. Hall wrote up Plaintiff for "improperly" inflating tires. This was a task Plaintiff had done hundreds of times without issue. Respondent's employee, Josh Paulino ("Mr. Paulino"), witnessed Plaintiff inflating the tires and stated to Mr. Hall that he [Plaintiff] was doing the task correctly. Mr. Hall proceeded with the write-up anyway.

The same day, Plaintiff noticed a potential safety issue involving a pallet that did not belong to Respondent, therefore the pallet needed to be promptly removed from their dock. Mr. Hall then ordered Plaintiff to write a statement on this safety issue and the alleged improper tire inflation.

On or around October 12, 2023, Plaintiff arrived at Respondent's location and after clocking in for his shift, he was approached by Mr. Paulino, who told him that Mr. Bates wanted him

*Complaint – CRD No. 202409-26455430*

Date Filed: September 30, 2024

CRD-ENF 80 RS (Revised 2024/05)



1    to go home for the day. On his way off the premises, Plaintiff encountered Mr. Bates and
2    questioned why he was being sent home. Mr. Bates requested that they speak in his office.

3    Once inside his office, Mr. Bates terminated Plaintiff's employment. Plaintiff attempted to ask
     for clarification and a reason behind his termination, but Mr. Bates refused to answer.

4
5    Upon leaving Respondent's location, Plaintiff texted Mr. Hall asking why he was terminated.
     He did not receive a response and soon noticed that Mr. Hall had blocked him from any
6    further communication. Consequently, Plaintiff's termination was merely pretext for unlawful
     racial discrimination and retaliation.

7    In addition, from in or around October 2021 to the termination of his employment with
8    Respondent, Plaintiff internally applied for a supervisor position approximately seven times
     and despite being well-qualified and experienced he was never offered the supervisor
9    position.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                        -4-
                            *Complaint – CRD No. 202409-26455430*
27
     Date Filed: September 30, 2024
28

                                                    CRD-ENF 80 RS (Revised 2024/05)

EXHIBIT A

EXHIBIT A

VERIFICATION

I, **Rene M. Maldonado**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On September 30, 2024, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Los Angeles, California**

-5-
*Complaint – CRD No. 202409-26455430*

Date Filed: September 30, 2024

CRD-ENF 80 RS (Revised 2024/05)

EXHIBIT A